IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BENTLEY A. HOLLANDER<br><br>       Plaintiff/Relator,<br>  v.<br><br>EUSA PHARMA (USA), INC.<br><br>       Defendant. | CIVIL ACTION<br><br>No. 2:10-cv-492 |

**PLAINTIFF/RELATOR BENTLEY A. HOLLANDER'S NOTICE
OF SUPPLEMENTAL AUTHORITY SUPPORTING OPPOSITION TO
DEFENDANT EUSA PHARMA (USA), INC.'S AMENDED MOTION TO DISMISS**

    Plaintiff/Relator Bentley A. Hollander respectfully notifies the Court of the filing of Supplemental Authority in this District in support of his Opposition to Defendant EUSA Pharma (USA), Inc.'s ("EUSA") Amended Motion to Dismiss, which was filed on March 5, 2010 (Docket No. 11).

    Specifically, attached as Exhibit "A" is a March 24, 2010 Order entered by Judge Schiller in another false patent marking enforcement action brought by Dr. Hollander, *Hollander v. Timex Group USA, Inc.* (Civ. A. No. 2:10-cv-429) ("the *Timex* Action"), denying in relevant part Timex's Motion to Dismiss. In denying Timex's motion to dismiss, Judge Schiller resolved in Dr. Hollander's favor substantially all of the legal issues raised by EUSA here. Like EUSA, Dr. Hollander contends that Timex has been violating § 292(a) by continuing to mark articles with patent numbers after those patents have expired. Like EUSA, Timex argued that that

marking a product with an expired patent is not actionable under Section 292 and that actions filed under Section 292 were subject to stricter pleading requirements under Fed. R. Civ. P. 9(b).

As was done here, Dr. Hollander presented to Judge Schiller the core holdings in *Forest Group*, *Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1301 (Fed. Cir. 2009) (35 U.S.C. § 292 clearly requires that each article that is falsely marked with intent to deceive constitutes a separate offense) and *Clontech v. Invitrogen Corp.*, 406 F. 3d 1347, 1352 (Fed. Cir. 2005) ("When the statute refers to an 'unpatented article' the statute means that the article in question is not covered by at least one claim of each patent with which the article is marked") – which EUSA fails to address in both its Motion to Dismiss and Reply Brief in support thereof.  In addition, Dr. Hollander presented substantially the same authority to Judge Schiller in opposition to Timex's Rule 9(b) arguments as he has made in opposition to EUSA's motion to dismiss.

Indeed, the only distinctions between Timex's arguments and EUSA's arguments, which Dr. Hollander submits are distinctions without a difference under controlling Federal Circuit precedent, are these:

First, EUSA argues that marking articles with expired patents is not actionable so long as it also is marking the article with the number of a separate non-expired patent number – an argument that is foreclosed by *Clontech's* central holding that the whether an article is "unpatented" must be determined on a patent-by-patent basis.

Second, recognizing *Forest Group's* holding that each act of falsely marking an article constitutes a separate "offense" under § 292, Timex only argued that any claim for articles that it falsely marked more than five years prior to the date Dr. Hollander filed his lawsuit are barred by the 5-year statute of limitations, a proposition that was not disputed by Dr. Hollander. Unlike EUSA here, Timex refrained from making EUSA's patently frivolous argument that,

because it was not called to account for its false marking activities within five years of its first offense, it is now and forever immune to suit for all of its subsequent offenses.

Judge Schiller's Order therefore provides additional recent precedent from a Judge in this District supporting the conclusion that Dr. Hollander's Complaint states valid and plausible claims for relief that are not barred by the statute of limitations (save for claims regarding articles EUSA falsely marked more than five years before it was sued).  Accordingly, Plaintiff/Relator Bentley A. Hollander respectfully requests that the Court take this supplemental authority into consideration in deciding Defendant EUSA Pharma (USA), Inc.'s Motion to Dismiss, and that Defendant's Motion be denied.

Respectfully submitted,

**COZEN & O'CONNOR**

By:  /S/
Jacob C. Cohn
Ilan Rosenberg
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

*Counsel For Plaintiff/Relator*
*Bentley A. Hollander*

Dated: March 31, 2010.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Relator/Plaintiff Bentley A. Hollander's Notice of Filing of Supplemental Authority in Opposition to Defendant EUSA Pharma (USA), Inc.'s Amended Motion to Dismiss was served this 31st day of March 2010, via the Court's electronic filing system upon the following:

John V. Gorman, Esquire
MORGAN LEWIS & BOCKIUS
1701 Market Street
Philadelphia, Pa 19103-2921

Robert J. Smyth, Esquire
William Jackson Matney , Jr., Esquire
MORGAN LEWIS & BOCKIUS
1111 Pennsylvania Ave. NW
Washington, DC 20004
Tel. 202-739-3000

*Counsel For Defendant EUSA Pharma (USA), Inc.*

By: /S/
Ilan Rosenberg